492 P.2d 980

**Joseph C. JUDKINS and Bonnie H. Judkins, Plaintiffs and Respondents,**

**v.**

**James W. TOONE et al., Defendants and Appellants.**

**No. 12444.**

Supreme Court of Utah.

Jan. 13, 1972.

Marlin K. Jensen, of Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Ogden, for defendants and appellants.

Pete N. Vlahos, of Vlahos & Gale, Ogden, for plaintiffs and respondents.

CROCKETT, Justice:

Plaintiffs Judkins sued the defendant James W. Toone and others, seeking specific performance of an earnest money agreement by which plaintiffs sought to purchase a home at 2416 Combe Road in Weber County. On the basis of the pleadings, answers to interrogatories, and documentary evidence the trial court granted the plaintiffs' motion for summary judgment. Defendants appeal, contending that there are disputes on issues of fact material to a determination of the rights of the parties.

Lester H. Wade owned the home in question when he married defendant Onita B. Wade in 1965. Later in that same year difficulties developed in the marriage. In conjunction with a reconciliation, on December 1, 1965, Lester H. Wade conveyed title to the property to Onita by warranty deed, which contained no recital as to consideration.

Three years later the marriage had deteriorated to the point that Onita B. Wade filed for divorce. Lester and Onita Wade had agreed upon a plan to sell the property, with the proceeds to go to the benefit of the eight children, two issue of their marriage, and six of previous marriage of Mr. Wade. On June 28, 1968, the Wades signed a listing with the Wolsey Realty Company. A few days later, on July 2, 1968, the plaintiffs Judkins signed an earnest money agreement to purchase the property, making an offer of $33,000. In response thereto the Wades signed a counteroffer on the same form, asking $34,000 and that certain conditions relating to financing be made definite and clear.

A week later, on July 9, 1968, Lester H. and Onita B. Wade, in conformity with their plan that the property be committed to the benefit of the children, conveyed it by quitclaim deed to defendant James W. Toone. The arrangement for holding the property and the proceeds thereof in trust for the children was set forth in a letter of that date addressed to Mr. Toone and signed by Lester H. Wade. The involvement of the defendant Edward W. Brabey, Jr., is because somewhat later, when Mr. Toone began thinking of another marriage, he deeded the property to Mr. Brabey, the children's grandfather, as successor trustee.

The earnest money agreement upon which the plaintiffs Judkins rely was executed July 10, 1968, the day following the execution of the quitclaim deed to defendant James W. Toone. By it the Judkins agreed to pay the requested $34,000 and stated more definitely the terms for financing. This document was signed as ac-

cepted by Lester H. Wade, but not by Onita B. Wade. In a prior action against Lester H. Wade, to which none of the present defendants were parties, the plaintiffs obtained a judgment for specific performance against said Lester H. Wade, as a result of which he executed a quitclaim deed to them, and his rights are not involved here.

In the instant action the plaintiffs allege the invalidity of the three deeds in the chain of title subsequent to Lester H. Wade: that is, the one from the latter to his wife Onita B. Wade; her deed to defendant James W. Toone, and the latter's deed to the children's grandfather Edward W. Brabey, Jr. Their position is that the deed from Lester H. Wade to his wife Onita B. Wade was without consideration; that its only effect was to create a resulting trust in his favor so he retained the true ownership of the property; and that the said deed and the subsequent conveyances to the other defendants were in fraud of plaintiff's right to enforce their agreement to purchase.

The position of the defendants is to the contrary: that the conveyance from Lester H. Wade to his wife Onita B. Wade was bona fide, and that the consideration was: (1) to persuade her not to go forward with the planned breakup of the marriage, and/or (2) the consideration of love and affection between family members. It is to be observed that, depending on the proof, either or both of these could constitute adequate consideration for the deed.[1] Defendants also aver that the further conveyances: to Mr. Toone, and then to Mr. Brabey, were bona fide in carrying out the planned trust for the benefit of the children.

We are unable to perceive from the record the basis upon which the trial court arrived at the conclusion that the plaintiffs were entitled to summary judgment for specific performance against these defendants. It could be that it was thought that because in the prior action Judge Charles G. Cowley had ordered specific performance against their predecessor in title, Lester H. Wade, there should also be specific performance against them.

We have no desire to suggest, nor to intimate, how the disputed issues may eventually be resolved. But as having a bearing upon the propriety of the granting of the summary judgment we note these observations as to facts asserted by the defendants: that both Lester H. and Onita B. Wade had signed the deed conveying the property to the defendant James W. Toone, on July 9, 1968, and thus one day prior to the execution of the earnest money agreement offer by the plaintiffs Judkins; and that neither Onita B. Wade,

1. 17 Am.Jur.2d Contracts §§ 102 and 98 (1964).

who had held title to the property, nor James W. Toone, her grantee, signed an acceptance of that offer. Also to be reckoned with is the proposition that the deeds in question, being valid on their faces, are presumptively so; and the effect of the recitals in those documents could only be overcome by clear and convincing evidence.[2]

We recognize and commend the usefulness of Rule 56(c), U.R.C.P., which authorizes the granting of a summary judgment under the circumstances provided in the rule: "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If this condition is met the granting of the summary judgment has the salutary purpose of eliminating the time, trouble and expense of a trial, when upon the best showing a party could possibly make, he nevertheless would not be entitled to prevail.[3]

However, as this court observed in the case of Dupler v. Yates:[4]

> Rule 56 U.R.C.P. is not intended to provide a substitute for the regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material fact.

This doctrine of law has been reaffirmed many times by this court. A good example is its expression in the case of Frederick May & Company v. Dunn:[5]

> To sustain a summary judgment, the pleadings, evidence, admissions . . . must show that there is no genuine issue of material fact, and that the winner is entitled to a judgment as a matter of law. Such showing must preclude, as a matter of law, all reasonable possibility that the loser could win if given a trial.

Because it appears that there is dispute on issues of fact which are material and necessary to a determination of the rights of the parties, it is necessary that the summary judgment be set aside and the case remanded for trial. Costs to appellants (defendants).

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

---

2. Thornley Land & Livestock Co. v. Gailey, 105 Utah 519, 143 P.2d 283 (1943); Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692 (1952).

3. Zampos v. United Smelting & Refining & Min. Co., 206 F.2d 171 (10th Cir. 1953).

4. 10 Utah 2d 251, 351 P.2d 624 (1959).

5. 13 Utah 2d 40, 368 P.2d 266 (1962).

ELLETT, Justice (concurring).

I concur in the result and agree that the summary judgment in favor of the plaintiffs should be reversed.